MIDWESTERN INSURANCE ALLIANCE, INC. and Clarendon National Insurance Company Appellants.

v.

William Anthony COFFMAN and Coffman Welding & Metal Works, Inc., Appellees.

No. 1998–CA–002408–MR.

Court of Appeals of Kentucky.

Nov. 24, 1999.

---

Ronald G. Sheffer, C. Thomas Miller, Sheffer, Hutchinson & Kinney, Louisville, for Appellants.

Amanda Anderson Young, Joy D. Denton, Harned, Bachert & Denton, Bowling Green, Kentucky, for Appellees.

Before: COMBS, HUDDLESTON and KNOPF, Judges.

*OPINION*

HUDDLESTON, Judge.

We are asked to decide whether Logan Circuit Court erred in holding that an insurance company must provide a defense to its corporate insured against a sexual harassment claim brought by the insured's employee. At issue is the effectiveness of a harassment exclusion in an employer's

1. Clarendon National Insurance Company issued the insurance policy under review. Midwestern Insurance Alliance, Inc. is the third-party administrator. For the purposes of this appeal, Clarendon and Midwestern are treated as one party and identified as "Clarendon."

2. The trial of the underlying action (Civil Action No. 97–CI–00469) in Logan Circuit Court resulted in a judgment for Coffman and Coffman Welding. The circuit court entered judgment on August 24, 1999. An appeal from

liability insurance policy. The sole owner, officer and director of the corporation is the alleged harasser. The circuit court held that Clarendon National Insurance Company and Midwestern Insurance Alliance, Inc.[1] have a duty to defend Coffman Welding & Metal Works, Inc. in a sexual harassment suit brought by Cassandra Allen against the corporation and William Anthony Coffman.[2]

Allen, a former secretary at Coffman Welding, filed a complaint against William Coffman, individually, and Coffman Welding, alleging that Coffman sexually harassed her. In her complaint, Allen averred that Coffman touched her inappropriately, attempted to kiss her and solicited sexual intercourse and oral sex.

Clarendon undertook the defense of Coffman and Coffman Welding against Allen's claims under a reservation of rights. Clarendon then filed a declaratory judgment action in Logan Circuit Court in which it sought a determination that it had no duty to defend Coffman or Coffman Welding against Allen's suit or to indemnify either if she obtained judgment.

The circuit court found that Clarendon had no duty to defend Coffman as he was not a named insured, but it held that the carrier had a duty to provide a defense for Coffman Welding. The court was of the view that the discrimination exclusion provision[3] of the Clarendon policy is ambiguous in that "the plain terms of the discrimination exclusion deny coverage to Coffman Welding for its own actions, but do not exclude coverage where liability attaches vicariously because of discriminato-

the judgment has not been taken and the time in which to do so has expired.

3. The exclusion provision at issue provides that "[t]his insurance does not cover: ... bodily injury intentionally caused or aggravated by you; ... damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions."

ry acts perpetrated by its employees [*i.e.,* Coffman]." According to the court, the failure of the exclusion to directly address an employer's vicarious liability creates two reasonable interpretations of the policy and the resulting ambiguity must be resolved in favor of the insured. Thus, Clarendon must defend Coffman Welding.[4] The circuit court also held that it could not infer as a matter of law that Allen's injury was "intentionally caused"[5] and thus not covered by the policy because of the exclusion of coverage for "bodily injury intentionally caused."[6]

Clarendon advances three arguments on appeal:

(1) The circuit court inappropriately applied the doctrine of reasonable expectations to create an ambiguity in the exclusionary language of the policy that is patently clear, plain and unambiguous;

(2) Coffman Welding is directly rather than vicariously liable; and

(3) Allen's complaint alleges conduct that by its very nature leads to an inference of an intent to injure.

Clarendon's first and second arguments are persuasive. We do not need, therefore, to address its third argument.

The circuit court relied on *Schmidt v. Smith*,[7] a decision by the Appellate Division of the New Jersey Superior Court, in finding the exclusionary clause in Clarendon's policy ambiguous. In that case, Lisa Schmidt filed a complaint against her employer, Personalized Audio Visual, Inc. (PAV), and Dennis Smith, the corporation's president, alleging sexual harassment. United States Fidelity and Guaranty Company (USF & G), PAV's workers' compensation and comprehensive general liability carrier, denied coverage, and a declaratory judgment action followed Schmidt's favorable jury trial. After coverage under the USF & G policy was found to exist, an appeal was taken.

The attention of the Appellate Division was called to policy exclusion C7 which provided that the policy did not cover: "Damages arising out of coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions." The Appellate Division found that the exclusion was ambiguous:

While [USF & G] maintains that the language of Exclusion C7 is clear and unambiguously applies to sexual harassment claims under the [New Jersey Law Against Discrimination], it appears to us that the exclusion in this circumstance is all but clear. This is so in light of the fact that the ... C7 Exclusion does not specifically exclude coverage for vicarious liability resulting from hostile workplace sexual harassment.[8]

The parties and the circuit court overlooked the fact that *Schmidt v. Smith* was appealed to the Supreme Court of New Jersey.[9] Although that Court found that there was coverage for the harassment claim under the USF & G policy, it did so because it found that the exclusion clauses relied on by the carrier violate the public policy underlying that state's workers' compensation scheme, not because Exclu-

**4.** *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.,* Ky., 814 S.W.2d 273, 279 (1991) ("Kentucky has consistently recognized that an ambiguous policy is to be construed to effectuate the purposes of indemnity ...").

**5.** In *Brown Foundation, supra,* n. 4, at 278, the *Supreme Court noted that, "if injury was not actually and subjectively intended or expected by the insured, coverage is provided even though the action giving rise to the inju-* ry itself was intentional and the injury foreseeable."

**6.** *Brown Foundation, supra,* n. 4, at 281.

**7.** 294 N.J.Super. 569, 684 A.2d 66 (1996).

**8.** 294 N.J.Super. at 582, 684 A.2d at 73.

**9.** *Schmidt v. Smith,* 155 N.J. 44, 713 A.2d 1014 (1998).

sion C7 was ambiguous. The Supreme Court said that it was

> less able to agree with the Appellate Division that Exclusion C7 is ambiguous.... The damages for which PAV is liable are damages "arising out of" harassment, in the language of that exclusion, and the phrasing of the exclusion is not "so confusing that the average policyholder cannot make out the boundaries of coverage." (Citation omitted.) Were there no other ground requiring USF & G to indemnify PAV for its obligation to Lisa [Schmidt], Exclusion C7 might well have the effect USF & G urges.[10]

■ The Clarendon policy at issue in the case under review excludes coverage for "damages arising out of ... harassment ... [and] discrimination against ... any employee, or any personnel practice, policies, acts or omissions." While we agree with the circuit court that Athe plain terms of the discrimination exclusion deny coverage to Coffman Welding for its own actions ...," we do not agree that the exclusionary clause is inapplicable where liability attaches vicariously. The exclusionary clause, which is virtually identical to the coverage exclusion clause considered by the New Jersey Supreme Court, is perfectly clear in excluding damages arising out of sexual harassment.

■ Furthermore, Coffman Welding's liability is direct, not vicarious. William Anthony Coffman is, as has been noted, the sole owner, officer and director of Coffman Welding. Thus, Coffman Welding, while technically a separate legal entity, was necessarily aware of and approved the alleged harassment by Coffman. In the circumstances, the actions of Coffman the individual cannot be separated from the actions of his corporation, Coffman Welding.

The summary judgment for Coffman Welding is reversed and this case is remanded to Logan Circuit Court with di-

rections to grant summary judgment for Clarendon.

ALL CONCUR.

---

**10.** 155 N.J. at 50, 713 A.2d at 1017.